**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4716**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TIMOTHY JARRETT BROWN,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Thomas E. Johnston, District Judge. (2:10-cr-00077-1)

_____

Submitted: March 8, 2013          Decided: April 4, 2013

_____

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Carl E. Hostler, PRIM LAW FIRM, Hurricane, West Virginia, for Appellant. Blaire L. Malkin, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Jarrett Brown appeals the district court's order revoking his supervised release and imposing a sentence of twenty-four months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court imposed a plainly unreasonable sentence considering Brown's mental illnesses. Brown was informed of his right to file a pro se supplemental brief, but he has not done so. For the reasons that follow, we affirm.

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a revocation sentence if it is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006). In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable. Id. at 438-49. A revocation sentence is procedurally reasonable if the district court has considered the advisory policy statement range and the 18 U.S.C. § 3553(a) (2006) factors applicable to supervised release revocation. 461 F.3d at 438-40. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing

2

a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). A revocation sentence is substantively reasonable if the district court stated a proper basis for its sentencing decision. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439.

We have reviewed the revocation sentence and conclude that the sentence is both procedurally and substantively reasonable. The twenty-four-month sentence does not exceed the applicable statutory maximum of twenty-four months' imprisonment. Further, the district court properly considered the advisory Guidelines policy statement range and applicable § 3553(a) factors. Moreover, the district court stated a proper basis for imposing the sentence, emphasizing the violent nature of Brown's offense and criminal history, the need for deterrence, and the need to protect the public. Accordingly, we need not address whether the revocation sentence was plainly unreasonable.

Counsel also questions whether the district court should have granted a downward departure based on Brown's diminished capacity. No motion for a downward departure based on Brown's diminished capacity was raised in the district court.

3

Thus, we have reviewed this claim for plain error and find none. See United States v. Hamilton, 701 F.3d 404, 410 (4th Cir. 2012) (discussing standard of review).

In accordance with Anders, we have examined the entire record for any meritorious issues and have found none. We therefore affirm the district court's judgment. This court requires that counsel inform Brown, in writing, of his right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED